■ In the Matter of the Claim of ANDREW SCALO, Respondent, v C.D. PERRY & SONS, INC., et al., Appellants. WORKERS' COMPENSATION BOARD, Respondent. [12 NYS3d 373]—

Rose, J. Appeal from a decision of the Workers' Compensation Board, filed February 10, 2014, which denied the request of the employer and its workers' compensation carrier for reconsideration and/or full Board review.

Claimant filed a claim for workers' compensation benefits after he injured his back while working for the employer. The employer controverted the claim, arguing that the injury was not work-related or, in the alternative, that the injury is subject to apportionment. Following a hearing, a Workers' Compensation Law Judge established the claim and awarded benefits without apportionment, and the Workers' Compensation Board affirmed. The employer and its workers' compensation carrier (hereinafter collectively referred to as the employer) applied for reconsideration and/or full Board review. The application was denied, but we reversed on the ground that such applications must be considered by a panel of at least three members of the Board (112 AD3d 1077 [2013]). Upon remittal, a three-person panel of the Board denied the application, and the employer appeals.

We affirm. Inasmuch as only the Board's decision denying reconsideration and/or full Board review is being appealed, the merits of the underlying decision are not before us and our review is limited to whether the denial was arbitrary and capricious or otherwise constituted an abuse of discretion (*see Matter of Mazzaferro v Fast Track Structures, Inc.*, 106 AD3d 1302 [2013]; *Matter of Capalbo v Stone & Webster Constr. Servs.*, 91 AD3d 1263, 1263-1264 [2012]). The employer challenges the Board's denial on the ground that the Board did not consider certain evidence. This evidence, however, was not timely produced before the Workers' Compensation Law Judge and, even assuming that the Board did not consider it, we cannot say that such would constitute an abuse of discretion (*see generally Matter of Cross v G.A. Hall, Inc.*, 24 AD3d 903, 904-905 [2005]). Nor was this newly discovered evidence that was unavailable at the time of the hearings (*see Matter of McCorkle-Spaulding v Lowe's*, 95 AD3d 1513, 1514 [2012]; *Matter of Green v Kimber Mfg., Inc.*, 59 AD3d 782, 783 [2009], *lv dismissed* 12 NY3d 865 [2009]). Inasmuch as "the employer failed to demonstrate the existence of any newly discovered evidence, a material change in condition or that the Board improperly failed to consider the issues before it," we cannot say that the Board abused its discretion or acted in an arbitrary and capri-

cious manner in denying the employer's application for reconsideration and/or full Board review (*Matter of Barone v Interstate Maintenance Corp.*, 73 AD3d 1302, 1303 [2010]; *see Matter of Regan v City of Hornell Police Dept.*, 124 AD3d 994, 997 [2015]). The employer's remaining claims, to the extent they are properly before us, have been considered and found to be without merit.

Garry, J.P., Devine and Clark, JJ., concur. Ordered that the decision is affirmed, without costs.